## HANDSCHY *v.* SUTTON.

LEASE.—BREACH OF COVENANTS.—A leased to B a tract of land for five years, and agreed to clear out a ditch on the land. B was to clear a portion of the land, erect certain fences and pay the taxes, &c. Suit by A upon the lease, alleging that B had failed in his obligations under the lease. Answer: 1. That A had failed for fifteen months to clear out the ditch, as he had agreed, and that for that cause B had abandoned the land and the lease. 2. That after the lease, A had sold the land to another and put him in possession, and that the purchaser interfered with B's enjoyment of the land by cutting timber and leaving the tree tops on the land, wherefore B had abandoned the land, &c.

*Held*, that as A's agreement to clear out the ditch was not a condition precedent, and as no damage is alleged to have resulted from the failure to do so, the first answer was no bar to the suit.

*Held*, also, that the second answer was bad on demurrer.

APPEAL from the *Randolph* Circuit Court.

RAY, J.—The appellant brought suit for a failure by the appellee to perform his covenants contained in a contract for the lease of forty acres of land, owned by the appellant.

The stipulations were, that the appellee should have the possession of the premises for five years, and all the crops he could raise thereon, the appellant agreeing "to clear out a ditch on the north side of said ground." The appellee contracted to take off all the timber under a specified size that was upon the land, and to take good care of all the fruit trees, to keep the ditch in good repair, to erect certain fences, and to pay all taxes during said term.

The complaint averred that the appellee had been put in

possession under the lease; that he had failed to comply with any of the stipulations, (stating them specifically,) on his part to be performed, but on the contrary had removed the rails and rail timber from the premises, and had permitted the fruit trees to be destroyed, to the damage, &c.

The appellee answered in several paragraphs. The third paragraph alleged that the appellant and another person, who as it averred is the true party in interest in the suit, failed and refused to clear out the ditch described in the complaint, and having so failed and refused for fifteen months, and the appellant having gone to *Germany* and left the contract unperformed, the appellee abandoned the land and the contract. A demurrer was filed to this paragraph and overruled.

The appellee has furnished us with no argument in support of this answer, which it is clear constituted no defense to the action. The agreement to clear the ditch was not a condition precedent; no damage is alleged to have resulted to the appellee from the failure of the appellant to perform his part of the contract, and the occupancy of the premises for fifteen months under the lease is admitted.

The fourth paragraph of the answer set up a counterclaim, and we do not see that the court committed any error in overruling the demurrer to it.

The averments of the fifth paragraph were, that some three months after the appellee entered into possession of the land under the lease, the appellant sold the premises leased to a third party and put him in possession, and that said purchaser interfered with appellee's enjoyment of the premises by cutting timber and leaving the tree tops on the land, wherefore the appellee abandoned his possession. A demurrer was overruled to this paragraph of the answer.

The entry into possession by the purchaser does not seem to have ousted the appellee, and the extent of the damages sustained by the leaving of the tree tops on the ground is not stated. As against the lessee, the acts of the purchaser were as the acts of any other stranger.

The case is reversed, with costs, and the court below is directed to set aside the judgment, and sustain the demurrer to the third and fifth paragraphs of the answer.

*J. Smith,* for appellant.

*T. Brown,* for appellee.